**Slip Op. 12-64**

# UNITED STATES COURT OF INTERNATIONAL TRADE

US MAGNESIUM LLC,

                       Plaintiff,

       v.

UNITED STATES,

                       Defendant,

                       and

PSC VSMPO-AVISMA CORP. and VSMPO-
TIRUS, US INC.,

               Defendant-Intervenors.

Before Richard W. Goldberg, Senior Judge
Court No. 11-00076
**PUBLIC VERSION**

## OPINION & ORDER

[Plaintiff's Motion for Judgment on the Agency Record is denied.]

Dated: May 16, 2012

*Stephen A. Jones*, King & Spalding LLP, of Washington, D.C., for plaintiff.

*Peter L. Sultan*, Attorney, Office of the General Counsel, U.S. International Trade Commission, of Washington, D.C.; *James M. Lyons*, General Counsel; and *Andrea C. Casson*, Assistant General Counsel, for defendant.

*John M. Gurley* and *Diana Dimitriuc-Quaia*, Arent Fox LLP, of Washington, D.C., for defendant-intervenors.

Goldberg, Senior Judge: Plaintiff US Magnesium LLC ("US Magnesium") contests the U.S. International Trade Commission's ("the Commission") negative determination in the sunset review of the antidumping duty order on *Magnesium Metal from the Russian Federation*. *Magnesium from China and Russia*, USITC Pub. 4214, Inv. Nos. 731-TA-1071-1072 (Feb. 2011) (Sunset Review Determination), published in the *Federal Register* at 76 Fed. Reg. 11,813 (ITC Mar. 3, 2011).

## Background

In 2005, the Commission determined that imports of magnesium metal from Russia and China were causing material injury to the domestic industry. *Magnesium from China and Russia*, USITC Pub. 3763, Inv. Nos. 731-TA-1071-1072 (Apr. 2005) (Final); *Magnesium from China and Russia*, 70 Fed. Reg. 19,969 (ITC Apr. 15, 2005). Based on the affirmative final determinations by the Commission and the United States Department of Commerce ("Commerce"), Commerce issued antidumping duty orders on magnesium metal from Russia and China. *Notice of Antidumping Duty Order: Magnesium Metal from the People's Republic of China*, 70 Fed. Reg. 19,928 (Dep't Commerce Apr. 15, 2005); *Notice of Antidumping Duty Order: Magnesium Metal from the Russian Federation*, 70 Fed. Reg. 19,930 (Dep't Commerce Apr. 15, 2005).

In 2010, the antidumping duty orders were reviewed pursuant to the five-year sunset review requirement of section 751(c) of the Tariff Act of 1930, 19 U.S.C. § 1675(c) (2006). The Commission declined to cumulate the subject imports from China and Russia because it

concluded that they were subject to different conditions of competition. The Commission based this conclusion on the fact that: (1) imports from Russia are primarily pure magnesium, whereas the scope of the order with respect to China is limited to alloy magnesium; (2) trends in the capacity, production, and shipments of the two countries' industries differ; (3) there is a raw material shortage affecting the Russian industry; and (4) the Chinese and Russian industries show different export trends.

The Commission also concluded that the circumstances warranted revocation of the antidumping duty order with respect to magnesium metal from Russia. The Commission based this conclusion on the fact that: (1) there has been a decline in the capacity, production, and shipments of the Russian magnesium industry since the original investigations; (2) raw material shortages affect the Russian producers; and (3) the Russian industry's production has been redirected toward its home market. The Commission determined that these factors limit the availability and amount of magnesium that the Russian industry is able to ship to the United States.

Based on the foregoing, the Commission concluded that revocation would not be likely to lead to the continuation or recurrence of material injury to the domestic industry in the reasonably foreseeable future. Specifically, the Commission found that revocation was: (1) unlikely to lead to subject imports from Russia entering the United States in significant volumes within a reasonably foreseeable time; (2) unlikely to lead to significant underselling by the subject imports of the domestic like product, or to significant price depression or suppression,

within a reasonably foreseeable time; and (3) unlikely to have a significant impact on the domestic industry. Accordingly, the Commission revoked the antidumping duty order with respect to Russia.

US Magnesium brought this appeal, challenging the Commission's determinations in the sunset review.

**Jurisdiction and Standard of Review**

This Court has jurisdiction pursuant to section 201 of the Customs Court Act of 1980, 28 U.S.C. § 1581(c) (2006).

This Court upholds the Commission's determinations unless they are "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i). The Commission has "discretion to make reasonable interpretations of the evidence and to determine the overall significance of any particular factor in its analysis." *Goss Graphics Sys., Inc. v. United States*, 22 CIT 983, 1005, 33 F. Supp. 2d 1082, 1100 (1998), *aff'd*, 216 F.3d 1357 (Fed. Cir. 2000). "[E]ven if it is possible to draw two inconsistent conclusions from evidence in the record, such a possibility does not prevent [the Commission's] determination from being supported by substantial evidence." *Nippon Steel Corp. v. United States*, 458 F.3d 1345, 1352 (Fed. Cir. 2006) (citing *Am. Silicon Techs. v. United States*, 261 F.3d 1371, 1376 (Fed. Cir. 2001)).

Thus, this Court determines whether the agency's determinations are "reasonable and supported by the record as a whole, even if some evidence detracts from the Commission's conclusion." *Id.* at 1352.

## Discussion

US Magnesium challenges: (I) the Commission's decision not to cumulate the subject imports from Russia and China; and (II) the revocation of the order with respect to Russia as unsupported by substantial evidence. For the following reasons, US Magnesium's arguments fail.

I.    **The Commission's decision not to cumulate subject imports from China and Russia is supported by substantial evidence**

In sunset reviews, the Commission has discretion to cumulate subject imports from different countries if certain conditions are met:

> the Commission may cumulatively assess the volume and effect of imports of the subject merchandise from all countries with respect to which reviews under [19 U.S.C. section 1675(b) or (c)] were initiated on the same day, if such imports would be likely to compete with each other and with domestic like products in the United States market. The Commission shall not cumulatively assess the volume and effects of imports of the subject merchandise in a case in which it determines that such imports are likely to have no discernible adverse impact on the domestic industry.

19 U.S.C. § 1675a(a)(7). The Commission has discretion not to cumulate even if the statutory factors are satisfied, provided that it has a reasoned basis for doing so that is supported by substantial evidence. *Nucor Corp. v. United States*, 601 F.3d 1291, 1293 (Fed. Cir. 2010). Because the Commission may cumulate subject imports if they are

likely to compete with each other and compete with domestic like products, the

Commission may consider differing conditions of competition in its cumulation analysis.

*Id.* at 1296.

To determine whether to cumulate the subject imports from China and Russia, the

Commission considered: (1) whether the subject imports from China or Russia were

likely to have a discernible adverse impact on the domestic industry; (2) whether there is

a likelihood of a reasonable overlap of competition among imports of magnesium from

China and Russia and the domestic like product; and (3) other considerations, including

the similarities and differences in the likely conditions of competition under which the

subject imports are likely to compete in the U.S. market.

The Commission determined that subject imports from China and Russia were

likely to have a discernible adverse impact on the domestic industry.  The Commission

also determined that there would likely be a reasonable overlap of competition between

the subject imports and the domestic like product.  However, the Commission's

evaluation of other considerations, particularly the differences in the likely conditions of

competition, led the Commission to decide not to cumulate the subject imports from

China and Russia.

US Magnesium challenges the Commission's decision not to cumulate on various

grounds, including that imports of alloy magnesium from Russia were not significant

because pure magnesium, which competes against alloy magnesium from China, is

relevant to the analysis. US Magnesium also asserts that the Russian alloy magnesium capacity data was unreliable.

US Magnesium further challenges the Commission's determinations, claiming that the Commission failed to acknowledge or discuss significant evidence that detracted from its conclusion. However, the Commission is "'not required to explicitly address every piece of evidence presented by the parties'" during an investigation. *Nucor Corp. v. United States*, 28 CIT 188, 234, 318 F. Supp. 2d 1207, 1247 (2004) (quoting *USEC Inc. v. United States*, 34 F. App'x 725, 730–31 (Fed. Cir. 2002)). Moreover, provided that "there is adequate basis in support of the Commission's choice of evidentiary weight, [this Court] and [the Federal Circuit], reviewing under the substantial evidence standard, must defer to the Commission." *Nippon Steel*, 458 F.3d at 1359.

Therefore, the Court does not have to examine whether there was substantial evidence that supported a contrary conclusion, but rather, the Court must affirm "agency factual determinations so long as they are reasonable and supported by the record when considered as a whole, *even though there may be evidence on the record which detracts from the agency's conclusions.*" *BIC Corp. v. United States*, 21 CIT 448, 451, 964 F. Supp. 391, 396 (1997) (emphasis added).

a. **The Commission's determination that Russian pure magnesium and Chinese alloy magnesium are subject to different conditions of competition because of their different principal uses is supported by substantial evidence**

US Magnesium argues that the Commission's finding during the sunset review that pure and alloy magnesium are subject to different conditions of competition is inconsistent with the original determination, in which the subject imports from the two countries were cumulated. US Magnesium asserts that the Commission's conclusion is inconsistent with its definition of the domestic like product, its finding that aluminum producers used the two types of magnesium interchangeably, and its finding that imports from China and Russia are fungible.

First, "the purpose of the like product inquiry is to delimit the domestic industry that the Commission will examine in its material injury determination." *BIC Corp.*, 21 CIT at 456, 964 F. Supp. at 400. In this case, the like product is pure and alloy magnesium. However, the court has consistently recognized that "the Commission's inquiry into product substitutability, i.e., to what degree two or more products compete with each other, may differ according to context . . . ." *Id.* at 455–56, 964 F. Supp. at 397–399.

In fact, "like product, cumulation, and causation are functionally different inquiries because they serve different statutory purposes." *Id.* at 455, 964 F. Supp. at 399. Because of this, the different inquiries require a different level of fungibility and "the record may contain substantial evidence that two products are fungible enough to support a finding in one context (e.g., one like product), but not in another (e.g., cumulation or causation)." *Id.* at 455–56, 964 F. Supp. at 399.

Here, the Commission defined domestic like product to include both pure and alloy magnesium on the basis of six factors: (1) physical characteristics and uses; (2)

interchangeability; (3) channels of distribution; (4) customer and producer perceptions of the products; (5) common manufacturing facilities, production processes and production employees; and (6) price. *Views of the Commission*, Conf. Rec. 274 at 8–14.

On the basis of these factors, the Commission determined that there was some overlap in the uses for pure and alloy magnesium, although the principal use of each type of magnesium is different.[1]  In addition, the Commission determined that for certain uses, the two types of magnesium are not always interchangeable. *Views of the Commission*, Conf. Rec. 274 at 12.[2] Thus, although there is evidence that there is some overlap in use for the two types of magnesium, there is also evidence that there is limited interchangeability in other uses of magnesium.  This is not inconsistent because, as this Court has noted, "a finding of one like product is not synonymous with a finding that two products are highly fungible. *BIC*, 21 CIT at 456, 964 F. Supp. at 400.

Thus, the Commission's determination that the subject imports would compete under different conditions of competition because of their different principal uses and limited interchangeability in certain contexts is supported by substantial evidence.

**b. The Commission's determination that Russian pure magnesium and Chinese alloy magnesium are subject to different conditions of competition because of different capacity, production, and shipments trends is supported by substantial evidence**

---

[1] Specifically, pure magnesium is used principally in production of aluminum alloys, in iron and steel desulfurization, and in titanium sponge production.  On the other hand, alloy magnesium is used principally in structural applications, mostly in castings and extrusions for the automotive industry.

[2] For purposes of making castings, only alloy magnesium can be used.

US Magnesium challenges the Commission's determination that Russian pure and alloy magnesium capacity, production, and shipments declined, whereas the Chinese alloy magnesium industry expanded. US Magnesium criticizes the data upon which the Commission made its determination as unreliable and argues that the Commission's reliance on certain data was unreasonable.

This argument is meritless because the Commission received responses to questionnaires from both Chinese and Russian producers that demonstrated precisely what the Commission concluded, i.e., that there was a large and growing Chinese magnesium industry and a smaller, contracting Russian magnesium industry. "It is the Commission's task to evaluate the evidence it collects during its investigation" and its decisions with respect to "the weight to be assigned a particular piece of evidence . . . lie at the core of that evaluative process." *U.S. Steel Group v. United States*, 96 F.3d 1352, 1357 (Fed. Cir. 1996).

In accordance with the Commission's task, the Commission has "discretion to make reasonable interpretations of the evidence and to determine the overall significance of any particular factor in its analysis." *Goss Graphics*, 22 CIT at 1005, 33 F. Supp. 2d at 1100. In other words, this Court examines whether the Commission's determinations are supported by substantial evidence but does not substitute its analysis of the evidence for the Commission's.

The Commission thoroughly examined and evaluated the evidence presented to it, and there is substantial evidence showing different capacity, production, and shipment trends in the respective countries. Thus, the Commission's determination that Russian pure magnesium and

Chinese alloy magnesium are subject to different conditions of competition because of different capacity, production, and shipments trends is supported by substantial evidence.

US Magnesium attempts to undermine the Commission's determination by asserting that the available evidence was unreliable and/or that the Commission was unreasonable for relying upon such evidence and should have relied upon other evidence. US Magnesium fails to point to legal authority to support its claims. Furthermore, as noted, the Commission has discretion not to cumulate subject imports in a five-year review. *Nucor Corp.*, 601 F.3d at 1293. It is clear from the record that the Commission examined a variety of factors in deciding whether to cumulate. Its decision not to cumulate is, in fact, supported by substantial evidence, and it was not unreasonable for the Commission to decide not to cumulate the subject imports. Therefore, the Court upholds the Commission's determination.

II.     **The Commission's determination that revocation of the antidumping duty order with respect to magnesium from Russia would not be likely to lead to continuation or recurrence of material injury is supported by substantial evidence**

The Commission found that, although revocation of the order might lead to some increase in subject imports from Russia, the imports were not likely to enter the United States in significant volumes within a reasonably foreseeable time in the event of revocation because of the constraints on capacity and production, as well as limitations on the availability of raw materials. US Magnesium challenges this finding, arguing that the removal of the order would likely lead Russian producers to increase production and redirect shipments to the U.S.

In its analysis, the Commission must consider whether the subject imports are likely to undersell the domestic product. 19 U.S.C §1675a(a)(3). The Commission used price comparison data that showed that prices for U.S.-produced magnesium products increased over the period of review. However, quarterly price comparisons between the subject imports from Russia and the domestic product showed that Russian imports actually oversold the domestic product.

More importantly, the Commission primarily based its conclusion that the subject imports would not cause price effects upon the fact that there were not likely to be substantial volumes of Russian magnesium entering the U.S. market. As the Commission determined in its cumulation analysis, the changes in capacity, production, and shipment trends make it unlikely that the Russian magnesium industry would import magnesium in significant volumes. The Commission reasonably concluded that the Russian magnesium industry had substantially less magnesium to ship to the United States in the event of the revocation of the order than at the time of the original investigation. Because there would not be significant quantities of the subject imports in the U.S. market, the Commission reasonably concluded that the subject volume and market share would be too small to have significant, adverse effects on domestic magnesium prices.

Much like its arguments relating to the Commission's determination not to cumulate, US Magnesium, without citing any legal authority to bolster its claims, simply asserts that the evidence is unreliable, that the Commission unreasonably relied upon certain evidence, and that the Commission should have examined other evidence.

However, this is insufficient to rebut the fact that there is substantial evidence on the record that supports the Commission's conclusions.  As a result, this Court upholds the Commission's determination that revocation of the antidumping duty order with respect to magnesium from Russia would not be likely to lead to continuation or recurrence of material injury.

## Conclusion and Order

Upon consideration of Plaintiff's Motion for Judgment on the Agency Record and the memoranda and accompanying materials in support thereof, and the opposition and supporting materials thereto, and upon all the other papers and proceedings had herein, it is hereby

ORDERED that Plaintiff's motion is denied; and it is further

ORDERED that judgment is entered in favor of Defendant.

/s/ Richard W. Goldberg
Richard W. Goldberg
Senior Judge

Dated: May 16, 2012
New York, New York